AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma



FILED
DEC 1 5 2021
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
) Case No. MJ-21-702-P
Information associated with the cellular device assigned )
telephone number (316)821-8231 which is stored at )
premises controlled by T-Mobile Wireless )

**APPLICATION FOR A SEARCH WARRANT**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the ___Western___ District of ___Oklahoma___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☐ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 3583 | Violation of Supervised Release |

The application is based on these facts:

See Affidavit, attached hereto

☑ Continued on the attached sheet.

☑ Delayed notice of **90** days (give exact ending date if more than 30 days: **03/15/2022**) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Bryan E. Trulson, Deputy U.S. Marshal
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 12/15/21

*Judge's signature*

City and state: Oklahoma City, Oklahoma

GARY M. PURCELL, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number (316) 821-8231 (the "**Subject Account**") whose wireless service provider is T-Mobile, a company headquartered at 4 Sylvan Way, Parsippany, New Jersey 07054.

2. Records and information associated with the **Subject Account** that is within the possession, custody, or control of T-Mobile.

## ATTACHMENT B

## Particular Things to Be Seized

I. **Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the **Subject Account** listed in Attachment A:

a. The following information about the customers or subscribers associated with the **Subject Account** for a period of 45 days from the issuance of the warrant:

i. Names (including subscriber names, user names, and screen names);

ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

iii. Local and long distance telephone connection records;

iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

v. Length of service (including start date) and types of service utilized;

vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity



Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

b. Information associated with each communication to and from the **Subject Account** for a period of 45 days from the issuance of the warrant, including:

i. Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;

ii. Source and destination telephone numbers;

iii. Date, time, and duration of communication; and

iv. All data about the cell towers (i.e. antenna towers covering specific geographic areas) and sectors (i.e. faces of the towers) to which the **Subject Account** will connect at the beginning and end of each communication as well as per-call measurement data (also known as "real-time tool" or "RTT").

## II. Information to Be Seized by the Government

All information described above in Section I that would assist and aid in the apprehension of Darcy McCarty, pursuant to an active arrest warrant.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by T-Mobile in order to locate the things particularly described in this Warrant.

2

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE CELLULAR DEVICE ASSIGNED TELEPHONE NUMBER **(316) 821-8231** WHICH IS STORED AT PREMISES CONTROLLED BY T-MOBILE WIRELESS | Case No. |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Bryan E. Trulson, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant for information associated with a certain cellular device assigned with call number **(316) 821-8231** (the "**Subject Account**"), that is in the custody or control of T-Mobile, a wireless communications service provider that is headquartered at 4 Sylvan Way, Parsippany, New Jersey 07054. As a provider of wireless communications service, T-Mobile is a provider of electronic communications service, as defined in 18 U.S.C. § 2510(15).

2. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) and Federal Rule of Criminal Procedure 41 to require T-Mobile to disclose to the government the information further described in

Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate the items described in Section II of Attachment B.

3. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definition of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act, *see* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).

4. I, Bryan E. Trulson, am a Deputy United States Marshal with the United States Department of Justice, having been so employed for over seven years. As a Deputy U.S. Marshal, I am vested with the authority to investigate violations of Federal laws, including Title 18 of the United States Code and the investigation and apprehension of persons wanted on federal arrest warrants. The facts contained in this affidavit were discovered by me or related to me by other law enforcement officers. Additionally, I am authorized to execute and serve any order or warrant issued under the authority of the United States. Prior to my employment with the United States Marshals Service, I was employed by the United States Air Force, Office of Special Investigations (OSI) as a Special Agent, having joined OSI in 2007. As a Special Agent with OSI, I conducted felony level investigations effecting the United States military and Department of Defense.

5.      I have completed the Criminal Investigators Training Program, the OSI Basic Special Investigations Course and the Deputy U.S. Marshals Training Academy at the Federal Law Enforcement Training Center, Brunswick, GA.  I am assigned as the Task Force Coordinator to the Oklahoma City Metro Fugitive Task Force, operated by the U.S. Marshals Service (USMS), Western District of Oklahoma.  Since 2014, I have conducted numerous fugitive cases, including but not limited to pen registers and trap-and-trace devices, phone records analysis, phone "pings," and search warrants for social media accounts.  I frequently use cell-site locations, phone pings, and call detail records to locate fugitives by analyzing records and data provided by cell service providers.

6.      Based on the facts set forth in this affidavit, there is probable cause to believe that Darcy Dewayne McCarty ("MCCARTY") has absconded from his supervision with the United States Probation Office for the Western District of Oklahoma.  The United States District Court for the Western District of Oklahoma issued an arrest warrant for MCCARTY on November 24, 2021.  I submit there is probable cause to search the information described in Attachment A to assist and aid in the apprehension of MCCARTY as further described in Attachment B.

7.      The Court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711.  Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3

## **PROBABLE CAUSE**

8. The United States, including the USMS, is conducting an investigation into the whereabouts of MCCARTY. On March 2, 2017, MCCARTY was sentenced to a term of imprisonment with the Bureau of Prisons for being a felon in possession of a firearm. The court also imposed a three-year term of supervised release. His term of supervised release commenced April 2, 2021. Between the July 2, 2021, and November 19, 2021, MCCARTY submitted eight urine samples that tested positive for illegal substances. Those substances included cocaine, marijuana, and amphetamines. During this same period, MCCARTY admitted to his U.S. Probation Officer, Christi Cavazos, that he had used cocaine on multiple occasions. MCCARTY has also violated the terms of his probation by failing to report the U.S. Probation Office as directed on August 6, 2021; November 15 and 23, 2021; and December 6 and 10, 2021. Additionally, U.S. Probation Officer Cavazos reported that MCCARTY made statements to the effect that if law enforcement attempted to arrest him, law enforcement, would need to shoot him. U.S. Probation Officer Cavazos has been unable to locate MCCARTY and he is no longer living at his last known address of 3600 S. Walker, Oklahoma City, Oklahoma. As a result, on November 24, 2021, the United States District Court for the Western District of Oklahoma issued a federal arrest warrant for MCCARTY.

9. During the course of his supervision, MCCARTY communicated with U.S. Probation Officer Cavazos through a cellular device using telephone number (316) 821-8231 (the **Subject Account**). U.S. Probation Officer Cavazos spoke to MCCARTY at this number as recently as December 13, 2021, on the **Subject Account**. Law

enforcement has subsequently confirmed that the cellular service for the **Subject Account** is provided by T-Mobile.

10. In my training and experience, I know that individuals who flee from prosecution will nevertheless use cellular devices to communicate with associates. In my training and experience, I have used cell-site locations, phone pings, and call detail records to locate fugitives by analyzing records and data provided by cell service providers. In my training and experience, obtaining precise location information for the next forty-five (45) days for the **Subject Account** will assist and aid law enforcement in apprehending MCCARTY, who is the subject of an active arrest warrant.

11. In my training and experience, I have learned that T-Mobile is a company that provides cellular communications service to the general public. I also know that providers of cellular communications service have technical capabilities that allow them to collect and generate information about the locations of the cellular devices to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular device and, in some cases, the "sector" (i.e., faces of the towers) to which the device connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate general location of the cellular device.

5

12.     Based on my training and experience, I know that T-Mobile can collect cell-site data about the **Subject Account**. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as T-Mobile typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

13.     Based on my training and experience, I know that T-Mobile also can collect per-call measurement data, which T-Mobile also refers to as the "real-time tool" ("RTT"). RTT data estimates the approximate distance of the cellular device from a cellular tower based upon the speed with which signals travel between the device and the tower. This information can be used to estimate an approximate location range that is more precise than typical cell-site data.

14.     Based on my training and experience, I know each cellular device has one or more unique identifiers embedded inside it. Depending on the cellular network and the device, the embedded unique identifiers for a cellular device could take several different forms, including an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), a Mobile Subscriber Integrated Services Digital Network

6

Number ("MSISDN"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Equipment Identity ("IMEI"). The unique identifiers—as transmitted from a cellular device to a cellular antenna or tower—can be recorded by pen-trap devices and indicate the identity of the cellular device making the communication without revealing the communication's content.

15. Based on my training and experience, I know wireless providers such as T-Mobile typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless communication service. I also know that wireless providers such as T-Mobile typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular device and other transactional records, in their normal course of business. In my training and experience, this information may assist in locating and apprehending MCCARTY.

## AUTHORIZATION REQUEST

16. Based on the foregoing, I request that the Court issue the proposed warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41. The proposed warrant will also function as a pen register order under 18 U.S.C. § 3123 authorizing the installation and use of a pen register and/or trap and trace device to record, decode, and/or capture certain information in Attachment A for each

communication to or from the **Subject Account**, without geographic limit, for a period of forty-five (45) days pursuant to 18 U.S.C. § 3123(c)(1).

17.    I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice for a period of 90 days from the signing of the warrant. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the **Subject Account** would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

18.    I further request that the Court direct T-Mobile to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control. Because the warrant will be served on T-Mobile, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

19. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

BRYAN E. TRULSON
Deputy U.S. Marshal
United States Marshals Service

Subscribed and sworn to before me on December 15th, 2021

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number (316) 821-8231 (the "**Subject Account**") whose wireless service provider is T-Mobile, a company headquartered at 4 Sylvan Way, Parsippany, New Jersey 07054.

2. Records and information associated with the **Subject Account** that is within the possession, custody, or control of T-Mobile.



## ATTACHMENT B

## Particular Things to Be Seized

I. **Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the **Subject Account** listed in Attachment A:

    a.    The following information about the customers or subscribers associated with the **Subject Account** for a period of 45 days from the issuance of the warrant:

        i.    Names (including subscriber names, user names, and screen names);

        ii.    Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        iii.    Local and long distance telephone connection records;

        iv.    Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        v.    Length of service (including start date) and types of service utilized;

        vi.    Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity

    Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

  vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

  viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

 b. Information associated with each communication to and from the **Subject Account** for a period of 45 days from the issuance of the warrant, including:

  i. Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;

  ii. Source and destination telephone numbers;

  iii. Date, time, and duration of communication; and

  iv. All data about the cell towers (i.e. antenna towers covering specific geographic areas) and sectors (i.e. faces of the towers) to which the **Subject Account** will connect at the beginning and end of each communication as well as per-call measurement data (also known as "real-time tool" or "RTT").

## II. Information to Be Seized by the Government

All information described above in Section I that would assist and aid in the apprehension of Darcy McCarty, pursuant to an active arrest warrant.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by T-Mobile in order to locate the things particularly described in this Warrant.